|  |  |  |
|---|---|---|

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

## WESTERN DIVISION

AHMAD HMOUD                                             Case No.

409 West Liberty Street

Cincinnati. Ohio 45214

And

LIBERTY USED TIRES, LLC.

409 West Liberty Street

Cincinnati, Ohio 45214


Plaintiffs


v.

**CITY OF CINCINNATI, OHIO**

Law Department
801 Plum Street
Cincinnati, Ohio 45202

**SHERYL LONG,** City Manager
City of Cincinnati, Ohio
801 Plum Street, Ste. 152
Cincinnati, Ohio 45202
(Sued in her official and individual capacities)

**EMILY SMART WOERNER,** City Soicit
City of Cincinnati, Ohio
801 Plum Street, Ste. 214
Cincinnati, Ohio 45202
(Sued in her official and individual capacities)

1

|  |  |  |
|---|---|---|

**AFTAB PUREVAL,** Mayor
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in her official and individual capacities)

**JAN- MICHELE LEMON KEARNEY,** Vice Mayor
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in her official and individual capacities)

**VICTORIA  PARKS,**  President Pro Tem
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in her official and individual capacities)

**JEFF CRAMERDING,** Council Member
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in his official and individual capacities)

**REGGIE HARRIS,** Council Member
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in his official and individual capacities)

**MARK JEFFREYS,** Council Member
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in his official and individual capacities)

**SCOTTY JOHNSON,** Council Member
City of Cincinnati, Ohio
801 Plum Street, Ste. 308

2

|  |  |  |
|--|--|--|

Cincinnati, Ohio 45202,
(Sued in his official and individual capacities)

**LIZ KEATING,** Council Member
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in her official and individual capacities)

**MEEKA OWENS**, Council Member
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in her official and individual capacities)

**SETH WALSH**, Council Member
City of Cincinnati, Ohio
801 Plum Street, Ste. 308
Cincinnati, Ohio 45202,
(Sued in his official and individual capacities)

**FC CINCINNATI HOLDINGS**
KMK Service Corp.
One East Fourth Street, suite 1400
Cincinnati, Oh 45202

**FC CINCINNATI, INC.**
Alan C. Rosser
50 West Fourth Street
Cincinnati, Oh 452024018

**CARL H. LINDNER III**
CEO & CONTROLLING OWNER
FC Cincinnati Headquarters
14 E 4th St Ste 400,
Cincinnati, Ohio, 45202

3

|  |  |  |
|---|---|---|

**MEG WHITMAN**
Managing Owner
FC Cincinnati Headquarters
14 E 4th St Ste 400,
Cincinnati, Ohio, 45202


**DR. GRIFF HARSH**
Managing Owner
FC Cincinnati Headquarters
14 E 4th St Ste 400,
Cincinnati, Ohio, 45202


**SCOTT FARMER**
Managing Owner
FC Cincinnati Headquarters
14 E 4th St Ste 400,
Cincinnati, Ohio, 45202


**GEORGE JOSEPH**
Managing Owner
FC Cincinnati Headquarters
14 E 4th St Ste 400,
Cincinnati, Ohio, 45202


**JEFF BERDING**
Co-CEO
FC Cincinnati Headquarters
14 E 4th St Ste 400,
Cincinnati, Ohio, 45202


**DENNIS CARROLL**
Chief Financial Officer
FC Cincinnati Headquarters
14 E 4th St Ste 400,
Cincinnati, Ohio, 45202

|  |  |  |
|--|--|--|

**JOHN DURBIN**
Chief Commercial Officer
FC Cincinnati Headquarters
14 E 4th St Ste 400,
Cincinnati, Ohio, 45202


**PORT OF GREATER CINCINNATI DEVELOPMENT AUTHORITY**
3 East Fourth Street
Cincinnati, Ohio 45202

**LAURA N. BRUNNER**
President and CEO
PORT OF GREATER CINCINNATI DEVELOPMENT AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in her official and individual capacities)


**PHILIP DENNING**
Executive Vice President
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)

**RICK HUDSON**
Chief Financial Officer
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)


**TODD CASTELLINI**
Senior Vice President of Public Finance and Industrial Development
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street

|  |  |  |
|---|---|---|

Cincinnati, Ohio 45202
(Sued in his official and individual capacities)

**JILSON DANIELS**
Vice President of Economic Equity
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)


**WILLIAM FISCHER**
Vice President of Community Development
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)

**RAHIEL MICHAEL**
Vice President of  Government and Community Affairs
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in her official and individual capacities)

**Port Authority Board of Directors**

BOARD CHAIR: Manuel Chavez
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)

VICE CHAIR: Amy B. Spiller
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in her official and individual capacities)

**BOARD MEMBERS:**

6

PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202

Dr. Pradeep K. Bekal, MD, FACG
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)

Rance G. Duke
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)

Robert W. Fisher
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)

Angelita M. Jones
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in her official and individual capacities)

Damon Jones
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in his official and individual capacities)

Roxanne Qualls
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in her official and individual capacities)

7

|  |  |  |
|---|---|---|

Melissa Wideman
PORT OF GREATER CINCINNATI DEVELOPMENT  AUTHORITY
3 East Fourth Street
Cincinnati, Ohio 45202
(Sued in her official and individual capacities)


**OMRAN RAID, LLC**
2029 Dana Avenue,
Cincinnati, OH 45207

**RAID MAHMOD**
2029 Dana Avenue,
Cincinnati, OH 45207

**OMRAN SALEH**
2029 Dana Avenue,
Cincinnati, OH 45207


## COMPLAINT AND JURY DEMAND


Plaintiffs, Ahmad Hmoud and Liberty Used Tires, LLC,  through their attorney states as follows:


### Jurisdiction

This action is brought pursuant to 42 U. S. C. §§1983 and 1988 and the Fifth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28

U. S. C. §§1331 and 1341(3) and (4) and the aforementioned constitutional and statutory

provisions. Additionally, the Plaintiff invokes this Court's pendant jurisdiction of state

| | | |
| --- | --- | --- |

causes of action included herein since they are involved in the facts, law and issues of this matter.

## Parties

1. Plaintiff, Ahmad Hmoud is a person of Arab origin and Muslim religion and is a citizen of the United States and at all times alleged herein was a resident of Hamilton County, Ohio. Plaintiff Liberty Used Tires, LLC is an Ohio limited liability corporation doing business at 409 West Liberty Street, Cincinnati, Ohio 45214.

2. Defendant City of Cincinnati, Ohio (Hereinafter "City"},is a municipal corporation within the State of Ohio, Defendants JAN- MICHELE LEMON KEARNEY, VICTORIA PARKS, JEFF CRAMERDING, REGGIE HARRIS, MARK JEFFREYS, SCOTTY JOHNSON, LIZ KEATING, MEEKA OWENS, SETH WALSH, serving on the Cincinnati City Council. (here after called "the City Council").

3. **Defendant** Port of Greater Cincinnati Development Authority (Hereinafter "Port") is a quasi-governmental public entity that partners with the City of Cincinnati and Hamilton County officials, along with economic development organizations, municipalities, and foundations. From their website: The Port ensures every acre of local real estate is developed into its highest and best use. Specifically, The Port works to redevelop manufacturing and residential real estate to build the foundation of job creation and livable, revitalized communities so our residents can experience

economic prosperity. The Port has been a primary cause for gentrification, raising property values beyond what traditional residents can afford.

4. Defendants Laura N. Brunner, Philip Denning, Rick Hudson, Todd Castellini, Jilson Daniels, William Fischer, **Port Authority Board of Directors:** BOARD CHAIR: Manuel Chavez, VICE CHAIR: Amy B. Spiller, **BOARD MEMBERS:** Dr. Pradeep K. Bekal, MD, FACG, Rance G. Duke, Robert W. Fisher, Angelita M. Jones, Damon Jones, Roxanne Qualls, Melissa Wideman are officers and directors of Defendant Port of Greater Cincinnati Development Authority (Hereinafter "Port Officers").

5. Defendants Carl H. Lindner III, Meg Whitman, Dr. Griff Harsh, Scott Farmer, George Joseph, Jeff Berding, Dennis Carrol are officers of FC Cincionnati, an Ohio corporation, (Hereinafter "FC Officers" ).

6. Defendant Omran Raid LLC is a limited liability corporation registered with the State of Ohio.

7. Defendants Raid Mahmod and Omran Saleh are the owners of Omran Raid, LLC. an Ohio limited liability corporation which is the owner of the real estate located at 409 West Liberty Street, Cincinnati, Ohio.

:

### First. Cause of Action: Deprivation of Equal Protection

8. Defendant Omran Raid LLC. Under the direction of Defendants Omran Saleh and Raid Mahmod, owners of 409 West Liberty Street, Cincinnati, Ohio 45214, had charged the Plaintiffs rent in the amount of $2,000.00 per month for a period of

approximately sixty months until it raised this rent to $16,000.00 per month on March 1, 2023. The shop which has successfully operated for 6 years and served approximately 30 customers per day, most of whom are African American. The developers don't want these customers around their hotel and shops.

9. Defendants Omran Raid LLC., Omran Saleh and Raid Mahmod initiated eviction proceedings for non-payment of rent (even though on video, they refused to accept payment) against the Plaintiffs on March 13, 2023,

10. Defendants demanded the exorbitant rent increase due to a proposed purchase in the amount of approximately one million seven hundred thousand dollars ($1,700,000.00) prior to the rent increase, of this property by Defendant FC Cincinnati, along with and dependent upon the sale of other designated properties in the vicinity of the property located at 409 West Liberty Street, Cincinnati, Ohio 45214,

11. Defendant FC Cincinnati informed the Defendants Omran Raid, Omran Saleh and Raid Mahmod that it would not complete their purchase as long as the property located at 409 West Liberty Street, Cincinnati, Ohio 45214, was not vacated,

12. Defendant FC Cincinnati and its Officers and Boasrd intended and intends and is utilizing public funds and tax abatements to privately develop the area adjoining its newly constructed stadium,

13. To facilitate its gentrification of the area bound by Central Parkway on the east, John St. On the west, Liberty St on the north, and Wade St on the south and adjoining its newly constructed stadium, (owned by The Port) Defendant FC Cincinnati orally and by the terms of its purchases encouraged both overtly and covertly the removal of minority and low-income residents and businesses, including the present Plaintiffs,

from its proposed publicly funded development area for the purpose of private profits, Additionally, the City owns much of the property on which the $300,000,000 development will sit. The City is giving FC these properties or selling under market-rate.

14. No person may be discriminated against on the basis of race, color, national origin, religion, or sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity funded in whole or in part with Federal financial assistance. 42 U.S. C. §5302, 24 CFR Part 6, and such actions are violative of the Equal Protection Clause,

15. Defendant City of Cincinnati has received federal financial assistance under the American Rescue Plan Act. The American Rescue Plan Act provided $67.5 million in one-time emergency funding to the City. These resources will be used to reimburse COVID-19 related expenses *or as revenue replacement*, pending guidance from the U.S. Department of the Treasury (2022-2023 approved budget, City of Cincinnati) (Emphasis added) and, "Balancing the projected deficit of $73.4 million in the Approved FY 2021 General Fund Budget Update required $32.5 million of expenditure reductions many of which were one-time reductions. Vacant positions were eliminated, position vacancy savings was sharply increased*, leveraged support was shifted to Federal entitlement funds*, costs were shifted to various Restricted Funds where eligible, an Early Retirement Incentive Program (ERIP) was implemented, COLAs and merit pay were frozen for non-represented employees, Police and Fire Recruit classes were delayed until FY 2022, and other miscellaneous reductions were taken in various line items" (2022-2023 approved budget, City of Cincinnati) (Emphasis added),

12

Additionally, FC Cincinnati received $16,000,000 in Federal COVID Funds through Ohio SB 310.

16. Defendant Port and its Board and Officers which owns the stadium receives funding from Defendant City,

17. Defendant City of Cincinnati and The Port Authority and its Council, Board and Officers  were aware of the discriminatory actions of FC Cincinnati and Omran Saleh from television stories featured on local television and the Plaintiff, Ahmad Hmoud who had spoken to the mayor of Defendant City of Cincinnati as recently as the weekend preceding the filing of this Complaint and did nothing to halt these actions or forestall the funding of the actions of Defendant FC Cincinnati,

18.  FC Cincinnati is a private corporation but received funds from the Defendants City of Cincinnati, City Manager, City Solicitor, the Mayor, and City Council (Jan-Michele Lemon Kearney, Victoria Parks, Jeff Cramerding, Reggie Harris, Mark Jeffreys, Scotty Johnson, Liz Keating, Meeka Owens, Seth Walsh)

19. The location of this stadium and its adjacent gentrification area, as described in item number 14, had originally been proposed in a neighborhood with a predominantly white and economically middle class population.  But instead the city supported, through major zoning changes, infrastructure funding, and turning over public rights of way, the placement of the stadium in a neighborhood with a population that was predominantly Black and with lower income, despite that a report was released before the stadium was built that said lots of displacement would result and gave realistic estimates of the number of residents and businesses that would be displaced.

20. Other minority residents and small business owners have been displaced and/or bought-off by the Defendants, City, Council, Port, Port Officers and FC Cincinnati in furtherance of this scheme,

21. Wherefore, the named Defendants City, Council, Port and Port Officers, have violated the civil rights of the Plaintiffs, who are members of protected classes under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

22. The Plaintiffs demand that the Court enjoin Defendants City, Council, Port and Port Officers who utilize federal funding, from the funding of Defendant FC Cincinnati and enjoin the eviction of the Plaintiffs and/or order the named Defendants under this Cause of Action to pay damages in the amount of $500,000.00 to compensate it for their re-location,

**Second Cause of Action: Deprivation of Property Rights Without Just Compensation or Due Process of Law**

23. Plaintiffs repeat the allegations in paragraphs 1 through 21 of this Complaint as if fully re-written herein,

24. The Fifth Amendment to the United States Constitution states in pertinent part, No person shall …be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." The Fifth Amendment has been made applicable to the States under the Fourteenth Amendment to the United States Constitution,

25. Plaintiffs have a property right in their tenancy; See Alamo Land & Cattle Co. v. Arizona, 424 U.S. 295, 303 (1976) ("It has long been established that the holder of an unexpired leasehold interest in land is entitled, under the Fifth Amendment, to just

compensation for the value of that interest when it is taken upon condemnation by the United States."); A. W. Duckett & Co. v. United States, 266 U.S. 149, 151 (1924) (holding that the government was required to compensate a lessee who had a leasehold in the condemned property); In re Ames Dep't Stores, Inc. 287 B.R. 112, 120 (Bankr. S.D.N.Y. 2002) ("[T]he Supreme Court has recognized the basic economic point, and ruled as a consequence that a tenant's interest in the economic value of a lease is property capable of being protected under the Fifth Amendment to the Constitution.")

26. Plaintiffs still retain a possessory interest in the property located at 409 West Liberty Street, Cincinnati, Ohio 45214,

27. Plaintiffs have not received compensation, just or otherwise from the Defendants City, Council, Port or Port Officers,

28. Wherefore, The Plaintiffs demand that the Court enjoin Defendants City, Council, Port and Port Officers who utilize federal funding, from the funding of Defendant FC Cincinnati  and enjoin the eviction of the Plaintiffs until such time as just compensation can be determined and paid,

**Third Cause of Action: Conspiracy to Violate Civil Rights;**

29. Plaintiffs repeat the allegations in paragraphs 1 through 21 of this Complaint as if fully re-written herein,

30. Defendants City, Council, Port, Port Officers, FC Cincinnati, FC Officers and Omran Raid, LLC and Omran Saleh and Raid Mahmod, have agreed overtly and by acquiescence to deprive the Plaintiffs of their civil rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and have

15

taken the overt action of grotesquely raising Plaintiffs' rent from $2,000.00 per month to $16,000.00 per month with little or no warning or consultation,

31. The Plaintiffs demand that the Court enjoin Defendants City, Council, Port and Port Officers who utilize federal funding, from the funding of Defendant FC Cincinnati and enjoin the eviction of the Plaintiffs and/or order the named Defendants under this Cause of Action to pay damages in the amount of $500,000.00 to compensate it for their re-location and punitive damages in the amount of two million dollars ($2,000,000.00)

**Fourth Cause of Action: Unconscionable Sales Practice**

32. The Plaintiffs repeat the allegations in paragraphs 1 through 32 of the Complaint herein as if fully re-written,

33.  OH Rev Code § 1345.03 states in relevant part;
(A) No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

(B) In determining whether an act or practice is unconscionable, the following circumstances shall be taken into consideration:

 (1) Whether the supplier has knowingly taken advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of an agreement;

(2) Whether the supplier knew at the time the consumer transaction was entered into that the price was substantially in excess of the price at which similar property or services were readily obtainable in similar consumer transactions by like consumers;

(3) Whether the supplier knew at the time the consumer transaction was entered into of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction;

(4) Whether the supplier knew at the time the consumer transaction was entered into that there was no reasonable probability of payment of the obligation in full by the consumer;

(5) Whether the supplier required the consumer to enter into a consumer transaction on terms the supplier knew were substantially one-sided in favor of the supplier;

(6) Whether the supplier knowingly made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment;

34. This statute does not apply to residential mortgages

35. The Plaintiffs do not have a residential mortgage,

36. The Plaintiffs demand that the Court enjoin Defendants City, Council, Port and Port Officers who utilize federal funding, from the funding of Defendant FC Cincinnati and enjoin the eviction of the Plaintiffs and/or order the named Defendants under this Cause of Action to pay damages in the amount of $500,000.00 to compensate it for their re-location and punitive damages in the amount of two million dollars ($2,000,000.00)

**Fifth Cause of Action: Fraud**

37. The Plaintiffs repeat the allegations in paragraphs 1 through 32 of the Complaint herein as if fully re-written,

38. Defendants Omran Raid, LLC, Omran Saleh and Raid Mahmod and have offered no business reason requiring the exorbitant increase in rent and have failed to disclose their agreement for purchase with the Defendant FC Cincinnati and its Officers, who are funded by Defendants City, Council, Port, Port Officers and were aware of and ratified by their acquiescence, the fraudulent eviction actions against the Plaintiffs so as to wrongfully take and/or convert their real property interest and personal property.

17

39. The Plaintiffs demand that the Court enjoin Defendants City, Council, Port and Port Officers who utilize federal funding, from the funding of Defendant FC Cincinnati and enjoin the eviction of the Plaintiffs and/or order the named Defendants under this Cause of Action to pay damages in the amount of $500,000.00 to compensate it for their re-location and punitive damages in the amount of two million dollars ($2,000,000.00)

**Sixh Cause of Action: Civil Conspiracy;**

40. The Plaintiffs repeat the allegations contained in paragraphs 1 through 34 of this Complaint as if fully re-written herein,

41. All of the Defendants maliciously combined and agreed as enunciated above to deprive the Plaintiffs of their real and personal property as described hereinbefore causing them to lose said property by committing the overt acts of concealment, fraudulent court filings

42. WHEREFORE, the Plaintiffs demand that the Court enjoin Defendants City, Council, Port and Port Officers who utilize federal funding, from the funding of Defendant FC Cincinnati and enjoin the eviction of the Plaintiffs and/or order the named Defendants under this Cause of Action to pay damages in the amount of $500,000.00 to compensate it for their re-location and punitive damages in the amount of two million dollars ($2,000,000.00)

Respectfully submitted,

18

s/ George A. Katchmer

GEORGE A. KATCHMER

Attorney at Law

1886 Brock Road N.E.

Bloomingburg, Ohio 43106

740-437-6071

740-437-6077

 Attorney for Plaintiff